UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL W. WAITE

    Plaintiff

v.

ANDREW SAUL,
COMMISSIONER OF
SOCIAL SECURITY,[1]

    Defendant.

Civil Action No.: 19-11848
Honorable Sean F. Cox
Magistrate Judge Elizabeth A. Stafford

_____/

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 18]**

Plaintiff Michael W. Waite appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for supplemental social security income benefits (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court **RECOMMENDS** that:

- Waite's motion [ECF No. 17] be **GRANTED**;

- the Commissioner's motion [ECF No. 18] be **DENIED**; and

---

[1] Under Federal Rule of Civil Procedure 25(d), Saul is the successor defendant.

- the matter be **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this report and recommendation.

**BACKGROUND**

    **A.**    **Background and Disability Application**

Born October 30, 1987, Waite was 25 years old on the alleged disability onset date of December 3, 2012. [ECF No. 9-5, PageID.185]. He has past relevant work experience as a landscape laborer. [ECF No. 9-2, PageID.54; ECF No. 9-3, PageID.97]. Waite alleged disability because of epilepsy and learning disabilities. [ECF No. 9-3, PageID.85; ECF No. 16-6, PageID.294].

After the Commissioner denied his disability application initially, Waite requested a hearing, which took place in January 2019, and during which he and a vocational expert (VE) testified. [ECF No. 9-2, PageID.61-82]. In a February 2019 written decision, the ALJ found Waite to be not disabled. [*Id.,* PageID.38-56]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Waite timely filed for judicial review. [*Id.,* PageID.29-31; ECF No. 1].

## B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age,

---

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 920(c).

3

education and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Waite was not disabled.  At the first step, he found that Waite had not engaged in substantial gainful activity during the relevant period—since the alleged onset date of December 3, 2012.  [ECF No. 9-2, PageID.43].  At the second step, the ALJ found that Waite had the severe impairments of seizure disorder, bipolar disorder and anxiety disorder.  [*Id.*, PageID.43].  He also found that Waite's right hand and left foot injuries due to his seizures were non-severe impairments, as the record did not show that they caused more than minimal limitations.  [*Id.*, PageID.43-45].  Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment.  [*Id.*, PageID.46-47].

Between the third and fourth steps, the ALJ found that Waite had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except:

> [H]e should never climb ladders, scaffolds, or ropes.  He can occasionally walk on uneven surfaces.  He can never use

4

> torque or power tools. He can frequently, but not constantly, handle and finger. He must avoid all exposure to hazards including dangerous and unprotected machinery or heights. [He] is limited to work that does not involve commercial driving, or left foot controls. He is limited to simple, routine, repetitive tasks that require little judgment and can be learned in a short period; no production line work or work where the pace is set by others; and no work with the public.

[ECF No. 9-2, PageID.54]. At step four, the ALJ found that Waite could not perform past relevant work. [*Id.*, PageID.54]. But after considering Waite's age, education, work experience, RFC and the testimony of the VE, the ALJ found that he could perform other jobs in the national economy, including as an inspector, night cleaner and mail room sorter. [*Id.*, PageID.55].

## I. ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining

whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Waite asserts that the ALJ erred because the hypothetical posed to the VE did not include all of the RFC limitations and that the ALJ's RFC determination "was based on his lay interpretation of the raw medical data." [ECF No. 17]. The Court agrees that the hypothetical posed to the VE was incomplete and recommends remand on that basis.

To prove that a claimant can perform work that is available in the national economy, "the ALJ can rely on the VE's testimony, as long as the VE's testimony is in response to an accurate hypothetical of the claimant's physical and mental limitations." *Kendrick v. Astrue*, 886 F. Supp. 2d 627, 638-39 (S.D. Ohio 2012). For the VE's testimony in response to a hypothetical to serve as substantial evidence that a claimant can perform other work, "the [hypothetical] question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010); *see also Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 632 (6th Cir. 2004) ("[A] denial of benefits based upon an ALJ's improper calculation of a claimant's residual functional capacity, a description of what the claimant 'can and cannot do,' must be reversed.").

6

Here, the ALJ assessed an RFC that included these mental impairments: "He is limited to simple, routine, repetitive tasks that require little judgment and can be learned in a short period." [ECF No. 9-2, PageID.47]. The hypothetical that the ALJ posed to the VE described "simple, routine tasks" and jobs that did not require "production line work or work at a pace set by others." [*Id.*, PageID.79].

The Commissioner argues that, although the hypothetical to the VE was "not a verbatim recitation of the RFC," it adequately conveyed that Waite could only perform "unskilled work." [ECF No. 18, PageID.1135-1138]. "Unskilled work" is defined as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(b). So, the Commissioner contends, the ALJ's omission from the hypothetical of "repetitive tasks that require little judgment and can be learned in a short period" constitutes harmless error, at most. [ECF No. 18, PageID.1136-1137 (citing *NLRB v. Wyman-Gordon*, 394 U.S. 759, 766 n.6 (1969) (when "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game"))].

But the Sixth Circuit has held that, when an RFC does not accurately describe demonstrated limitations, remand "is not a mere formality, as it

7

would propel [our Court] into the domain which Congress has set aside exclusively for the administrative agency, if we were to determine the jobs available to [the claimant] based upon [the claimant's] limitations." *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 192 (6th Cir. 2009) (internal quotation marks and citation omitted). The court thus rejected the Commissioner's argument that the "a remand would be frivolous because the record shows Simpson could perform work as a housekeeper, along with significant other jobs where one has simple, repetitive work limitations." *Id.*; *see also Kampen v. Comm'r of Soc. Sec.*, No. 1:18-CV-477, 2020 WL 2897176, at *2 (W.D. Mich. June 3, 2020) (when "the ALJ's RFC determination in this case was undeniably incomplete, there is no error in the Magistrate Judge's determination that reversal and remand is required.").

Under the reasoning of *Simpson*, remand is warranted. Even crediting the Commissioner's argument that the RFC limiting Waite to unskilled work incorporated most of the limitations that the ALJ did not articulate in the hypothetical posed to the VE, there is no showing that unskilled work incorporated a limitation to repetitive tasks. The Court can neither assume that the portion of the RFC limiting Waite to repetitive tasks was superfluous, nor that the VE would have opined that Waite could work

as an inspector, night cleaner or mail room sorter if that limitation had been included. Simply put, the question of whether the limitation to repetitive tasks would have been material to the VE's opinion is outside of this Court's domain, and should be answered on remand. *Simpson*, 344 F. App'x at 192.

## II.   CONCLUSION

The Court **RECOMMENDS** that Waite's Motion for Summary Judgment [ECF No. 17] be **GRANTED**, the Commissioner's Motion [ECF No. 18] be **DENIED**, and that this matter be **REMANDED** for further consideration consistent with this report and recommendation.

Dated: July 30, 2020

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of*

9

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

10